

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. 0-7176
Re: Residence of scholastics
for purpose of scholastic
enumeration under Article
2816, V. A. C. S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I wish for an opinion on the following question:

"Article 2816 of the Public School Laws of the State of Texas provides for the taking of a census in each school district of Texas, between the first day of March and the first day of April, of all the children that will be over six and under eighteen years of age on the first day of the following September and who are residents of the school district on said first day of April.

"It further provides that a duly appointed census trustee shall use for each parent or guardian, or person having control of any such children, a prescribed form showing the name, color, and nationality of the person rendering such children, the name and number of the school district in which the children reside and the name, sex and date of birth of each such child of which he is a parent or guardian or of which he has control.

"The family census blank, which is sent out for the enumeration of these scholastics, when duly

Hon. E. L. Hinson, Jr.    - Page 2

filled in must be signed by the parent, guardian
or person rendering the child under oath of the
following statement:  'I hereby certify that I
have rendered only those children who will be
six and under eighteen years of age on September
1, 19___, and who are residents of the district on
the first day of April, 19___.  I further certify
that all children whose names are given hereon are
in my charge and custody and that they have not
heretofore been enumerated in this State for the
year beginning September 1, 19___, and ending
August 31, 19___.'

"John Doe resides in District #1 and
has a child who resides with an Aunt in District
#2, attends school in District #2, and is residing
in District #2 with said Aunt on April 1st.  This
child is not merely visiting the Aunt but has
resided with the Aunt in District #2 during the
school year.  Who shall have the authority to
enumerate this school child; the Father and Mother,
who reside in District #1, or the Aunt, with whom
the child resides in District #2?"

Article 2816, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"The county superintendent and the board
of trustees of the independent school districts, on
the first day of each January or as soon as practi-
cable thereafter, shall appoint one of the trustees
of each school district, or some other qualified
person, to take the scholastic census, who shall be
known as the census trustee of the district.  The
census trustee between the first day of March and
the first day of April after his appointment, shall
take a census of all the children that will be over
seven and under eighteen years of age on the first
day of the following September, and who are residents
of the school district on said first day of April.
In taking the said census he shall visit each home,
residence, habitation and place of abode, and shall
by actual observation and interrogation, enumerate
the children thereof in the following manner:  He
shall use for each parent, or guardian or person

Hon. E. L. Hinson, Jr. - Page 3

having control of any such children, a prescribed form showing the name, color and nationality of the person rendering such children, the name and number of the school district in which the children reside, and the name, sex and date of birth of each such child of which he is a parent or guardian, or of which he has control. The census trustee shall require such forms to be subscribed and sworn to by the person rendering the children, and he is authorized to administer oaths for this purpose. When the census trustee visits any home or house or place of abode of a family, and fails to find either the parent or any person having legal control, he shall leave the prescribed census blank for the use of parents at such home or place of abode, with a note to the parent or guardian having legal control of such child or children, requiring that the form be filled out, signed and sworn to, and that the blank, when so filled out, shall be delivered by the parent or person having legal control of the child or children to the census trustee. Acts 1905, p. 263; Acts 1915 p. 183."

Article 2901, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Every child in this State of scholastic age shall be permitted to attend the public free schools of the district or independent district in which it resides at the time it applies for admission, notwithstanding that it may have been enumerated elsewhere, or may have attended school elsewhere part of the year."

Article 2892, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Every child in the State who is seven years and not more than sixteen years of age shall be required to attend the public schools in the district of its residence, or in some other district to which it may be transferred as provided by law, for a period of not less than one hundred and twenty days. . . ."

Hon. K. L. Hinson, Jr. - Page 4

Other statutes provide for the transfer of a child attending school in a district other than its residence.

We quote from Opinion No. 0-586 of this department, rendered May 25, 1939, as follows:

"This department rendered an opinion on November 4, 1905, to the Honorable R. B. Cousins, State Superintendent of Public Instruction on a similar question which we think substantially expresses the proper rule to be applied in the instant case. It was there stated:

"'If the children have merely an ostensible and not a substantial residence in the district, if they were sent to Rockdale for the sole purpose, or even for the main purpose, of participating in the advantages of the public schools of Rockdale, they are not entitled to free tuition.

"'But if they were sent to reside in Rockdale in good faith in order to give them suitable homes, with the intention on the part of the father, and of the persons in whose care he placed them, that the children should reside there permanently; if the educational advantages of the residents in Rockdale were merely incidental to their going there, and other considerations induced the father, in good faith, to select that place as their home, I think the children are residents of Rockdale within the meaning of the school law, and entitled to free tuition there, notwithstanding that the domicile of the father is elsewhere.'

"While we recognize that a minor child may acquire a bona fide residence separate and apart from its parents within the contemplation of our school laws, we do not think that such bona fide residence is established by the mere physical presence of the minor in another district for the purpose of attending school. School District No. 1, etc. v. School District (Sup. Ct. Mich. 1926), 211 N. W. 60; Yale vs. West Middle School District, 59 Conn. 489, 13 L. R. A. 161; Anno. 26 L.R.A. 581.

"We understand that the opinion herein ex-

Hon. E. L. Hinson, Jr. - Page 5

pressed is in accord with a long established construction placed upon our census laws by the State Department of Education.

"It is our opinion that if the facts develop that Florine Pressler is living in the Robert Lee Independent School District for the sole or principal purpose of attending the schools of that district, she is a resident of Sanco Common School District for the purpose of scholastic enumeration, and should be enumerated in the scholastic census of that district. However, if she has in good faith established a substantial residence, and not a mere ostensible residence for the purpose of attending school, she may properly be enumerated in the Robert Lee Independent School District."

The question propounded by you involves a fact question. If the residence of the child in question has been established as a good faith substantial residence with her Aunt in District #2, it is our opinion that in such event the Aunt would be authorized to enumerate the child as a scholastic in District #2. However, if the residence of the child in District #2 is merely an ostensible residence for the purpose of attending school there and not a good faith substantial residence, then in such event our ruling would be that the child should be enumerated by its parents in District #1.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:BT

